UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

LOWELL E. DAVIS,

         Debtor.
_____

LOWELL E. DAVIS,

         Plaintiff,

v.

CITY OF MILWAUKEE,

         Defendant.

Case No. 12-21160

Chapter 13

Adversary No. 12-2321

_____

MEMORANDUM DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
_____

      The plaintiff, Lowell E. Davis, brought this adversary proceeding to recover property taken by the defendant, the City of Milwaukee, alleging the transfer of non-homestead property to the defendant in a real estate tax foreclosure was done in violation of the automatic stay and constitutes an avoidable fraudulent transfer. After the defendant filed an answer, the parties filed cross motions for summary judgment.[1] This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (H). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

---

[1] The defendant filed a motion for summary judgment on December 7, 2012. While no formal motion for summary judgment was filed by the plaintiff, he did request entry of summary judgment in his favor in his January 11, 2013, brief in opposition to the defendant's motion for summary judgment.

BACKGROUND

Along with the current case, which was filed on February 3, 2012, the plaintiff has been a debtor in the following chapter 13 cases: (1) Case No. 10-21922-svk, filed on February 15, 2010, dismissed on November 30, 2011; (2) Case No. 08-26467-svk, filed on June 13, 2008, dismissed on May 27, 2009; and (3) Case No. 04-33554-mdm, filed on September 20, 2004, dismissed on October 29, 2004. Additionally, the debtor received a chapter 7 discharge in 1996, Case No. 96-20980-jes. The transfer complained of by the debtor took place in Case No. 10-21922, not in the present case.

The plan confirmation order in the debtor's prior bankruptcy proceeding, Case No. 10-21922, provided as follows: "Secured claims of US Bank and the City of Milwaukee to be satisfied by the surrender of the property located at 5064 North 56th Street." (August 27, 2010, Order Confirming Modified Plan ¶ 7). The confirmed plan made no further provision for payment on the City's secured claim or on the first mortgage formerly held on the property. Schedule A makes no mention of this property, and the Statement of Financial Affairs shows no transfer or foreclosure affecting this property. The confirmation order also stated: "Except as otherwise provided in the plan, this order vests all property of the estate in the Debtor. However, the Debtor shall not borrow money, incur credit or sell or transfer property of the estate without the express written consent of the Trustee or an Order of this Court." (August 27, 2010, Order Confirming Modified Plan ¶ 5).

Without obtaining relief from the automatic stay and while the previous chapter 13 case was pending, the City foreclosed on the debtor's property located at 5064 North 56th Street, pursuant to the State of Wisconsin's real estate tax foreclosure procedure. *See* Wis. Stat. § 75.521. The amount

2

of unpaid real estate taxes on September 16, 2011, the date of entry of the tax foreclosure judgment, was $17,759.00, an amount estimated by the debtor. Although the property's value has not been determined by a court, it has been listed on the debtor's various schedules at $45,000 and $88,500, with a tax-assessed value of $71,800. The property is disclosed on Schedule A of this case with the notation that the City was assigned rents in October, 2012, and in the Statement of Financial Affairs with the notation that the property was taken by the City in violation of the automatic stay. No exemption was originally claimed,[2] and there is no mention of the first mortgage holder.

The previous chapter 13 case was subsequently dismissed on November 30, 2011. After the debtor's motion to vacate the order for dismissal in his prior case was denied, he filed the current chapter 13 case on February 3, 2012, followed by this adversary proceeding.

ARGUMENTS

The debtor argues the judgment violated the automatic stay because the confirmation order merely suggested a future surrender of the property, and the City failed to seek an order of the court or express written consent of the trustee prior to effectuating the transfer. Additionally, the debtor is entitled to avoid the *in rem* tax foreclosure as a fraudulent transfer under 11 U.S.C. § 548. The property was transferred within two years of the bankruptcy, the debtor was insolvent at the time of the transfer or became insolvent because of the transfer, and the debtor received less than reasonably equivalent value for the transfers. Pursuant to 11 U.S.C. § 522(h), the debtor may avoid the transfer

---

[2]After the City filed its brief in support of its motion for summary judgment and pointed out the lack of claimed exemption, the debtor filed Amended Schedule C on January 11, 2013, exempting $11,975 worth of the property under 11 U.S.C. § 522(d)(5).

3

because it was involuntary, was not concealed by the debtor, and an exemption would be available for the property upon avoidance. According to the debtor, the only current lien on the property is the City's tax lien in the amount of $17,759, and with the City's own assessed value of the property at $71,800, plenty of equity is available for the debtor to exempt.

The City argues the confirmation order in Case No. 10-21922 – by confirming a plan which provided for surrender and did not provide for the City's secured claim – effectively surrendered the property. *See* 11 U.S.C. § 1325(a)(5). Accordingly, the City was free thereafter to pursue its state court remedies with respect to the property and the related delinquent real estate taxes without running afoul of the protections afforded by the automatic stay. Alternatively, in the event entry of the judgment violated the automatic stay, the debtor is estopped from raising the issue now since he did not seek redress in the prior case or during the foreclosure proceedings.

The City further argues the debtor may not avoid the transfer of the property as fraudulent under 11 U.S.C. § 548(a) because 11 U.S.C. § 522(h) only permits avoidance if such property is exempt or exemptible. In this instance, there is no equity for the debtor to exempt. The property was encumbered by a mortgage which remained of record as of the date of the judgment. A tax lien foreclosure judgment will wipe out all other liens and encumbrances on the property and vest title in the City. However, the debtor cannot have it both ways by avoiding the judgment with respect to the City's interest, while retaining the benefit of the judgment with respect to removing the first mortgage lien. In the event the judgment was avoided, the interests of the debtor and both lienholders would be restored to the *status quo ante*, and the property would be fully encumbered. Without the ability to claim any exemption in the property, the City argues the debtor has no standing to bring the avoidance

4

Case 12-02321-svk    Doc 21    Filed 04/10/13    Page 4 of 7

action.

## DISCUSSION

To prevail on a motion for summary judgment the moving party must show there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

Did the City violate the automatic stay in the debtor's prior case, and if so, what is the result of the violation? The debtor avers the City violated the stay by foreclosing on real estate that the debtor did not claim any interest in on his own schedules. (See Schedules filed 2/15/2010 & Amended Schedules filed 7/9/2010 in Case No. 10-21922-svk). Does the doctrine of laches when presumably the debtor had notice (actual? constructive? when?) of the City's action during the prior case but did nothing before the case was dismissed? The Seventh Circuit has recognized that there is a "debate among the circuits over whether [actions filed in violation of the automatic stay] are void or merely voidable," it has had "no occasion to ... forage into the debate." *Middle Tenn. News. Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 n. 6 (7th Cir. 2001). If this Court were to find the City's actions violated the automatic stay and the judgment was void or ultimately voided, it would also be necessary to decide the status of the secured creditor's lien and whether the debtor can take advantage of the equity created by the very transaction he's seeking to avoid.

5

If the lien is avoided, it is a question of fact whether there will be any equity to claim exempt. The property had been previously listed on the debtor's schedules in an even earlier case, No. 08-26467-svk, with a value of $75,000.00 and secured claims owed to HomeComings Financial in the amount of $110,739.00 and the City of Milwaukee in the amount of $3,122.60, as of the petition date of June 13, 2008. The property was again listed on the debtor's schedules in *this* case with values of $45,000.00 (Schedule A filed 3/6/2012) and $71,800.00 (Amended Schedule A filed 1/11/2013) and a secured claim owed to the City of Milwaukee in the amount of $17,759.58. But in the intermediate 2010 case, when the relevant transfer took place, there is no mention of either the value of the property or the amount of the first mortgage lien. If the foreclosure transfer is avoided, and the first mortgage springs back, evidence would be necessary to determine how much remains on that lien.

Value is an important issue and one that requires an evidentiary proceeding. Judge Clevert recently affirmed in part and remanded Judge Pepper's ruling in three adversary proceedings, wherein the transfers of real property as a result of tax foreclosures were avoided under section 548(a)(1)(B). *See City of Milwaukee v. Gillespie*, __ B.R. __, 2013 WL 789167 (E.D. Wis. March 1, 2013). The debtor, exercising the powers of a bankruptcy trustee, brought the action to avoid a transfer of an interest of the debtor in property within two years before the petition date if the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and "was insolvent on the date that such transfer was made or such obligation as incurred, or became insolvent as a result of such transfer or obligation." 11 U.S.C. § 548(a)(1). The bankruptcy court had granted the debtors' cross motion for summary judgment, holding the City's tax foreclosure procedure, which did not include a competitive sale process, was not sufficient to establish "reasonably equivalent value" for purposes of

section 548(a)(1)(B). *In re Williams*, 473 B.R. 307 (Bankr. E.D. Wis. 2012).

The bankruptcy court concluded that because "strict foreclosure" proceedings did not involve an sale or auction, such transfers did not provide chapter 13 debtors with reasonably equivalent value for their properties. *Williams*, 473 B.R. at 320. The district court disagreed, finding that "a judgment of foreclosure, based solely upon delinquent taxes in a non-sale foreclosure proceeding, *does not necessarily* provide a property owner 'reasonably equivalent value' for real estate without a public sale offering." *Gillespie*, 2013 WL 789167 at *3 (emphasis added). The matters were remanded for actual determinations of the reasonably equivalent values of the properties which had been transferred to the City. That would also be necessary here.

Accordingly, these material issues of fact preclude granting summary judgment in favor of either party. A separate order will be entered consistent with this decision, and the matter will be scheduled for further proceedings.

April 10, 2013

Margaret Dee McGarity
United States Bankruptcy Judge